UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.  08-21739-CIV-COOKE/BANDSTRA

JOSE A. RAMIREZ,

    *Plaintiff*,

v.

SHARPTON BRUNSON & COMPANY,
P.A., *et al.*,

    *Defendants*.

_____/

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

This matter is before me on Plaintiff's Motion for Partial Summary Judgment [D.E. 56], filed on January 22, 2009,  Defendants' Motion for Summary Judgment [D.E. 51], filed on January 22, 2009, and Defendants' Motion to Strike [D.E. 62], filed on February 11, 2009.  For the reasons set forth below, I am denying Defendants' Motion to Strike, granting Plaintiff's Motion for Partial Summary Judgment, and denying Defendants' Motion for Summary Judgment.

### *I. UNDISPUTED FACTUAL BACKGROUND*[1]

Defendants Anthony Brunson ("Brunson") and Darryl Sharpton ("Sharpton") founded Defendant Sharpton Brunson & Company (the "Company" or collectively with Brunson and Sharpton, "Defendants").  The Company is a Florida professional association engaged in providing accounting and financial services to its clients.  Plaintiff Jose Ramirez was hired as the

---

[1] The undisputed facts are taken from Defendants' Response to Plaintiff's First Request for Admission [D.E. 57-1], Defendants' Motion for Summary Judgment [D.E. 51], Plaintiff's Statement of Material Facts [D.E. 57], Plaintiff's Affidavit of Jose A. Ramirez [D.E.57-6], and the Deposition of Darryl Sharpton [D.E. 53-1].

Company's Firm Administrator on January 2, 2008 and worked there until June 10, 2008. The Company's workers routinely use the internet and Defendants have had at least some contact with entities outside the state of Florida. This includes, but is not limited to, payments to out-of-state vendors and filing clients' tax documents in Atlanta, Georgia. The Company also satisfied the statutory minimum of $500,000 in sales, as is required to be considered an "enterprise engaged in commerce or in the production of goods for commerce" under § 203(s)(1)(A) of the Fair Labor Standards Act ("FLSA"). Furthermore, Defendants admitted that the FLSA applied to their business during the time Plaintiff worked for them. [D.E. 57-2.]

Plaintiff was told during his interview that the Firm Administrator position was a management position. Plaintiff was subsequently introduced to the staff as the Firm Administrator. The Firm Administrator was responsible for providing administrative supervision to the Company's administrative staff, which included a minimum of three individuals. The Firm Administrator was also responsible for implementing the personnel policies of the Company, enforcing the Company's employee dress code, and making sure the Company employees regularly input their work hours into the Company's computer-based time keeping system. Although Plaintiff had the authority and discretion to suggest or recommend disciplinary action, and changes in the status of all administrative support staff, he did not have the authority to hire or to fire other employees. Plaintiff could, however, recommend the termination of any administrative staff employees, a discretion Plaintiff used at least once. As the Firm Administrator, Plaintiff was the primary company agent responsible for interfacing with some of the vendors who were or who sought to provide goods or services to Company. Finally, Plaintiff was responsible for preparing and organizing the Company's monthly financial statements.

Although Plaintiff's job title was Firm Administrator, his primary duty involved working

as a bookkeeper.  His bookkeeping duties consisted of paying vendor bills, processing firm invoices and printing out the firm's financial reports.  While at the Company, roughly eighty percent of Plaintiff's time was dedicated to those bookkeeping duties.  Plaintiff's primary duties did not involve implementing management policies or business operations.  He did not regularly exercise discretion and independent judgment regarding management issues or business operations.

## II.  ANALYSIS

### A. Motion to Strike

Defendants filed a Motion to Strike Plaintiff's affidavit [D.E. 62], claiming that it directly contradicts statements Plaintiff made in his deposition.  In support of their Motion to Strike, Defendants cite *Stevens v. SimplexGinnell, LLP,* 190 F. App'x 768 (11th Cir. 2006) and *McCormick v. Fort Lauderdale*, 333 F.3d 1234 (11th Cir. 2003) (per curiam).  These cases are distinguishable from the present case.  In *Stevens*, the affidavit directly contradicted substantial portions of the deposition testimony.  *Stevens*, 190 F. App'x at 771.  Similarly, in *McCormick* the affidavit contradicted some of the material facts in an earlier sworn statement.  *McCormick*, 333 F.3d at 1240 n.7.  Based on these cases, Defendants seek to strike Paragraphs 10, 11, and 13 of Plaintiff's Affidavit, where Plaintiff contends that roughly eighty percent of his job pertained to bookkeeping.  Defendants claim that these statements contradict Plaintiff's deposition testimony where he admitted that he was not being hired to be a bookkeeper and that his actual job was a "firm administrator" which incorporated many responsibilities.  I have carefully reviewed the portions of Plaintiff's deposition cited by Defendants as evidence of the contradictions in the affidavit, and I cannot agree that Paragraphs 10, 11, and 13 of Plaintiff's affidavit directly contradict statements made during his deposition.  Within the deposition, Plaintiff talked about

his job title, his understanding of what his position *would* be, the reasons he was being hired, and his over-arching responsibilities. These statements did not address Plaintiff's *actual* day to day work. Therefore, I find that Plaintiff's affidavit is admissible because it does not directly contradict his prior sworn statements. *See Adkins v. Fulton County,* 278 F. App'x 964 (11th Cir. 2008) (finding that every discrepancy contained in an affidavit does not justify a district court's refusal to give credence to such evidence).

**B. FLSA Liability**[2]

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). According to the U.S. Supreme Court, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1984) (stating "[w]hen the moving party

---

[2] Plaintiff contends in his Motion for Summary Judgment that individual Defendants Sharpton and Brunson are liable as FLSA employers. Defendants fail to provide any argument to the contrary. Under the analysis set forth in *Figueroa v. America's Custom Brokers, Inc.*, I agree that both individuals are liable under the FLSA. 48 F. Supp. 2d 1372, 1377 (S.D.Fla. 1999) (citing *Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986) (holding that corporate officers with operational control of a company are jointly and severally liable under FLSA)).

has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts").

Defendants contend that the FLSA does not apply to their business because they are not involved in interstate commerce. Defendants admit, however, that they fulfill the $500,000 jurisdictional threshold required by the FLSA. As I previously stated in *Galdames v. N&D Inv. Corp.*, meeting the threshold requirement reduces the interstate commerce inquiry. 2008 WL 4372889 at *4 (S.D. Fla. Sept. 24, 2008). Plaintiff stated in his affidavit that his job involved making payments to Defendants' out-of-state vendors throughout his employment. Defendants have failed to refute the evidence submitted by Plaintiff that shows that at least some materials and supplies were ordered and shipped from out-of-state. Since Defendants concede the $500,000 requirement, and there is evidence of interstate vendors and interstate mailings of client tax filings, I find that Defendants are a covered enterprise under the FLSA.[3]

**C. Executive Exemption**

Under the FLSA, a covered employee must receive overtime pay at a rate not less than one and one-half times the regular rate at which he is employed if he works a workweek longer than forty hours. 29 U.S.C. § 207(a)(1). The overtime wage requirement does not apply to an employee employed in a bona fide executive, administrative, or professional capacity. *Id.* at § 213(a)(1). Defendants argue that Plaintiff is not entitled to overtime because he falls under either the "executive" or "administrative" exemption. Exemptions to the FLSA are to be narrowly construed against the employer who asserts them. *Walters v. American Coach Lines of Miami, Inc.*, 569 F.Supp. 2d 1270 (S.D. Fla. 2008) (citation omitted).

---

[3]I also note that Defendants admitted that the FLSA applies to their business in their response to the Plaintiff's First Request for Admissions. *See* [D.E. 57-1].

Pursuant to 29 C.F.R. § 541.2, "A job title alone is insufficient to establish the exempt status of an employee. The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part." *See also Gregory v. First Title of America, Inc.* 555 F.3d 1300 (11th Cir. 2009). The Department of Labor ("DOL") provides guidance for courts to consider when determining whether someone should be deemed an "executive." This includes: (1) the employee earns at least $455.00 per week (2) manages, as his primary duty, a recognized department or subdivision, (3) the employee customarily and regularly directs the work of two or more other employees, and (4) the employee has authority to hire or to fire other employees. 29 C.F.R. § 541.100(a). In further determining whether an individual's position is primarily management, the DOL sets out five factors to consider: (1) the amount of time spent performing managerial duties; (2) the relative importance of an employee's managerial and non-managerial duties; (3) the frequency with which an employee may exercise discretionary powers; (4) the employee's relative freedom from supervision; and (5) the relationship between the purportedly exempt employee's wages and the wages paid to other employees performing similar, non-exempt work. *Gregory v. First Title of America, Inc.*, 555 F.3d 1300, 1303 (11th Cir. 2009) (citing 29 C.F.R. § 541.700 (2002)).

The parties do not dispute that Plaintiff made more than $455.00 per week, and Defendants admit that Plaintiff could only *recommend* that an employee be hired or fired. The dispute here centers around whether Plaintiff managed, as his primary duty, a recognized department or subdivision, and whether he customarily and regularly directed the work of two or more other employees. Plaintiff contends that, although he was hired as a "firm administrator," he spent eighty percent of his time doing bookkeeping related activity. Defendants counter with

testimony about the duties Plaintiff was *hired* to perform, but do not contradict Plaintiff's statements about what he actually did. In determining whether the exemption applies, however, I must examine the specific duties performed by Plaintiff. *See Wagner v. Murphy Oil USA, Inc.*, 139 F. App'x 131, 132 (11th Cir. 2005) ("The regulations put substance before form. They specifically require an examination beyond an employee's title to the specific duties *performed* by the employee to determine whether the employee's primary duty is management").

Although the amount of time spent is not completely dispositive, in evaluating the remaining factors, I do not find that Plaintiff falls under the executive exemption. *See* 29 C.F.R. § 541.700(b). The importance of Plaintiff's managerial duty was limited, and Plaintiff exercised discretionary powers infrequently. Defendants give two examples of recommendations Plaintiff made during his six months of employment: he recommended an employee be reprimanded, and he recommended that the Company hire someone. There is no evidence on the record, however, regarding whether Plaintiff's recommendations were ever implemented or even considered. Defendants also claim that Plaintiff was responsible for enforcing the Company dress code, but do not provide any evidence of him actually performing this duty. Plaintiff, moreover, states that he only repeated the instructions given to him by Defendants. I do not find that Defendants have met their burden of establishing that Plaintiff's primary duty was management. *See Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259 (11th Cir. 2008) (affirming a jury verdict that said an individual's primary duty was not management when he spent most of his time doing sales work).

I also find that Plaintiff did not regularly direct the work of two or more other employees. Defendants assert that Plaintiff directed the work of the administrative staff employees which included four individuals. Plaintiff contends, however, that he did not direct the work of these

individuals and had little discretion in enforcing their work.  Only one employee, an assistant he shared with someone else, received her work directly from Plaintiff.  The fact that it was not Plaintiff who was assigning this work for the other employees limits his authority.  Since Plaintiff did not regularly direct the work of two or more individuals, I find the executive exemption inapplicable.

**D. Administrative Exemption**

Defendants also contend that Plaintiff should be exempt from the FLSA because he held an "administrative" position.  In applying the long test set forth in *Hogan v. Allstate Ins. Co.,* Defendants must prove that: (1) Plaintiff's primary duty was directly related to management policies or general business operations; (2) Plaintiff regularly exercise discretion and independent judgment; (3) that Plaintiff executed special assignments and tasks under only general supervision; and (4) that Plaintiff spent at least eighty percent of his time on exempt administrative tasks. 361 F.3d 621, 627-28 (11th Cir. 2004).

For previously stated reasons, Defendants' contention fails.  As stated above, Plaintiff spent eighty percent of his time performing bookkeeping related duties, not management policies or general business operations.  Plaintiff's discretion and independent judgment was severely limited and involved recommendations rather than execution.  There is no evidence in the record that Plaintiff executed special assignments and tasks under only general supervision as he was under the direct supervision of Defendant Sharpton and Defendant Brunson, who he reported to.  Based on the duties Plaintiff actually performed, as opposed to those that he was responsible for, I do not find that Plaintiff falls under the administrative exemption.

## IV.  CONCLUSION

Plaintiff filed a Motion for Partial Summary Judgment asking the Court to find it has

subject matter jurisdiction pursuant to the FLSA, that the individual Defendants are individually liable under the FLSA, and that Defendants are not entitled to any exemptions under the FLSA. Plaintiff's Motion for Partial Summary Judgment is **GRANTED** and Defendant's Motion for Summary Judgment is **DENIED.**  A separate scheduling order setting this case for calendar call and trial is forthcoming.

**DONE AND ORDERED** in Miami, Florida, this 28th day of September 2009.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

cc:
*The Honorable Ted E. Bandstra*
*All counsel of record*