UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 08-21739-CIV-COOKE/BANDSTRA

JOSE RAMIREZ,

    *Plaintiff*,

v.

SHARPTON BRUNSON & COMPANY,
P.A., *et al.*,

    *Defendants*.

_____/

## ORDER ON PLAINTIFF'S MOTION FOR LEAVE
## TO FILE SECOND AMENDED WITNESS LIST

**THIS MATTER** is before the Court upon Defendants' Motion to Strike Plaintiff's Amended Witness List [D.E. 64], Plaintiff's Motion to File Second Amended Witness List [D.E. 66], and the parties' responses to each. On January 30, 2009, without leave of the court, Plaintiff filed an Amended Witness List, adding Indira Fernandez as a potential witness. Defendants moved to strike this addition on the grounds that Plaintiff had not previously disclosed Ms. Fernandez as a potential witness, and Defendants were prevented from conducting discovery regarding the substance of her testimony. Defendants also pointed out that Plaintiff had failed to request leave to amend its list.

In considering whether to exclude a witness not listed in the pretrial order, I will consider: (1) the importance of the testimony; (2) the reason for the failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness was allowed to testify. *See Bearint ex. rel. Bearint v. Dorell Juvenile Group, Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004) (discussing appellate consideration of a district court's exclusion of a witness) (citation omitted). In response

to Defendants' Motion to Strike, Plaintiff sought leave to file a second amended witness list, claiming that Plaintiff communicated the importance of Ms. Hernandez's testimony to his counsel only after the Pretrial Stipulation was filed. According to Plaintiff, the witness is expected to have knowledge regarding Plaintiff's "primary duty," an issue which is central only to the exemptions claimed by Defendants. I have recently granted summary judgment regarding the exemption issue, and find that the any testimony as to Plaintiff's primary duty will be unimportant at trial. Moreover, I find Plaintiff's reason for failing to disclose Ms. Fernandez as a possible witness unpersuasive. If Plaintiff's counsel neglected to confer with Plaintiff prior to submitting the pretrial stipulation, Defendants should not be prejudiced by this neglect.

Based on the foregoing, I hereby **ORDER** and **ADJUDGE:**

Defendant's Motion to Strike Plaintiff's Amended Witness List [D.E. 64] is **GRANTED**. Plaintiff's Motion for Leave to File Second Amended Witness List [D.E. 66] is **DENIED**.

**DONE** and **ORDERED** in Chambers at Miami, Florida, this 30th day of September 2009.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Ted E. Bandstra*
*Counsel of Record*